UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

PAIGE E. LESHER, :
    Plaintiff, :
 :
v. : No. 5:17-cv-04731
 :
CLARK ZIMMERMAN, :
*IN HIS INDIVIDUAL CAPACITY*; and :
HAMBURG AREA SCHOOL DISTRICT, :
    Defendants :
_____

**O P I N I O N**
**Zimmerman's Motion to Dismiss, ECF No. 23 – Granted**
**Hamburg Area School District's Motion to Dismiss, ECF No. 24 – Granted**

**Joseph F. Leeson, Jr.**                                                                             **March 8, 2019**
**United States District Judge**

**I.    INTRODUCTION**

Plaintiff Paige E. Lesher initiated this action pursuant to 42 U.S.C. § 1983 against her former high school softball coach, Clark Zimmerman, and the Hamburg Area School District, alleging state-created danger claims arising from injuries she suffered after being struck by a ball hit by Zimmerman during softball practice. The original Complaint was dismissed for failure to state a claim, and an Amended Complaint was filed. Currently pending are Defendants' motions to dismiss the Amended Complaint. For substantially the same reasons set forth in the Opinion dismissing the original Complaint, the Amended Complaint is dismissed.

**II.    BACKGROUND**

The Court dismissed Lesher's original Complaint without prejudice on May 15, 2018, for failure to state a claim because she failed to allege facts showing that either her Coach or the School District was deliberately indifferent. *See* Opn., ECF No. 19. Lesher thereafter filed an

Amended Complaint, which Zimmerman and the School District have moved to dismiss. Because the Amended Complaint contains the same causes of action (a state created danger claim under the Fourteenth Amendment Due Process Clause against each Defendant) and substantially similar factual allegations, the Opinion dated May 15, 2018, is incorporated herein.

That Opinion thoroughly discussed the allegations in the original Complaint. *See* Opn. 2-4 (citing Compl., ECF No. 1). To summarize: Lesher was a high-school senior and pitcher on the Girls' Varsity Softball Team at the Hamburg Area High School. On April 24, 2016, while at softball practice at the High School, Lesher was warming up from the pitcher's mound when the team's coach, Zimmerman, approached the batter's box and instructed Lesher to pitch to him. Zimmerman did not have Lesher stand behind a pitcher's screen, nor had he distributed mouth guards. Zimmerman, who had never batted in this situation before, did not warn Lesher that he intended to hit at full-swing, and hit a line drive directly at her. Lesher was unable to react in time, and the ball struck her in the face causing severe injuries, including a fractured jaw and the loss of four teeth, that required at least eight surgical procedures and three root canals. The Complaint also contained allegations about Zimmerman's over-aggressiveness and four previous incidents involving student athletes, none of which garnered a response from the School District. Lesher claimed that Zimmerman, by hitting at full swing knowing Lesher was not protected by a pitching screen, failed to protect her. She claimed that the School District also failed to protect her because it did not have an adequate policy, practice, or custom in place to train and/or supervise coaches on the proper use of safety equipment. Lesher asserted, instead, that Defendants were deliberately indifferent to her safety.

2
030819

The Amended Complaint includes the previous allegations, with some modifications, and new substantive allegations into two main areas.[1] First, the Amended Complaint alleges that the School District had an athletic handbook at the time of the incident proscribing "male participation on the teams in [enumerated] girls' sports," including softball, because their "physical size, speed and power . . . would create a hazard to the health and safety of female participants." *See, e.g.* Am. Compl. ¶¶ 40, 43, 48, 53. The Amended Complaint also includes new allegations about the use of a pitching screen, including Zimmerman's own use of a pitching screen while throwing to members of the softball team. *See, e.g.* Am. Compl. ¶¶ 42, 51-53.

Zimmerman and the School District have each filed a Motion to Dismiss the Amended Complaint, arguing that the Amended Complaint does not allege new facts that would alter the Court's previous analysis and state a constitutional claim for relief. In the alternative, Defendants move to strike certain paragraphs. Lesher has responded to the motions.

## III. STANDARDS OF REVIEW

### A. Motion to Dismiss- Rule 12(b)(6)

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[1] The Court is not opining that all substantive changes fall into one of these two areas, nor is it specifically referring to every new allegation raised in the Amended Complaint, although all allegations have been considered.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

B.  **Motion to Strike- Rule 12(f)**

A court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and are considered a "drastic remedy to be resorted to only when required for the purposes of justice." *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (quoting N. *Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994)). Thus, the moving party generally must demonstrate that the material "has no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* at 428-29 (quoting *River Rd. Dev. Corp. v. Carlson Corp.-Ne.*, No. 89-7037, 1990 WL 69085, at *3 (E.D. Pa. May 23, 1990)). "Even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Pennington v. Wells Fargo Bank, N.A.*, 947 F. Supp. 2d 529, 534 (E.D. Pa. 2013) (quoting *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 379 (D. Del. 2012)).

## IV. ANALYSIS

In the Opinion dated May 15, 2018, the Court advised Lesher that her injury was serious and is regrettable, but it does not rise to the level of a constitutional violation simply because it was caused by a state actor. *See* Opn. 6 (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) (holding that "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm"); *Spady v. Bethlehem Area Sch. Dist.*, 800 F.3d 633, 641 (3d Cir. 2015) (commenting about the "typical risks that are associated with participation in athletic activities" and finding that "even the minimal type of intentional physical contact[], while deplorable, will rarely make out a constitutional violation"), *cert. denied Spady v. Rodgers*, 136 S. Ct. 1162 (2016)). The Court questioned whether an amendment would be futile, but nevertheless granted Lesher leave to amend. *See* Opn. 21. After review of the Amended Complaint, it is dismissed for substantially the same reasons discussed in the May 15, 2018 Opinion. Because that Opinion is incorporated herein, the following analysis is abbreviated.

### A. The Amended Complaint is insufficient to state a state-created danger claim against Zimmerman.

The allegations in the Amended Complaint are insufficient to show either: (1) that the harm caused by Zimmerman was "foreseeable and fairly direct;" or (2) that he "acted with a degree of culpability that shocks the conscience." *See Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 170-71 (3d Cir. 2017) (stating the four elements of a state-created danger claim). Because Zimmerman had the benefit of deliberation, the degree of culpability necessary to "shock the conscience" is deliberate indifference: consciously disregarding a substantial risk of serious harm. *See id.*

"To adequately plead foreseeability[, a plaintiff is required] to allege an awareness on the part of the state actors that rises to [the] level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm." *Phillips*, 515 F.3d at 238. In concluding that the original Complaint failed to adequately plead foreseeability, the Court determined, *inter alia*, that "the Complaint does not allege that any injuries occurred in prior practices under similar circumstances, either with Zimmerman batting or because the pitcher was not using a pitcher's screen." *See* Opn. 13-14 (citing *Dorley v. S. Fayette Twp. Sch. Dist.*, 129 F. Supp. 3d 220, 234-39 (W.D. Pa. 2015) (concluding that the allegations in the complaint were deficient as to the first element of a state-created danger claim because although the high school football coaches allegedly created an atmosphere that encouraged violence and set up a blocking drill, without pads, that pitted aggressive upperclassmen against inexperienced underclassmen, there were no allegations that any injuries occurred in prior drills to put the coaches "on some plausible notice of the concrete risk of a sufficiently serious injury")). The Amended Complaint similarly fails.

As to the new allegations in the Amended Complaint, Lesher alleges that "[p]rior to the subject incident, for their own protection, Defendant Zimmerman and the other coaches utilized a pitching screen . . . whenever they pitched, or whenever they were feeding the pitching machine to pitch batting practice to live batters in the batter's box," *see* Am. Compl. ¶¶ 42, but does not allege that any coach was previously injured or that the pitching screen specifically prevented any injuries. Moreover, coaches take on a different roll than the players during practice and may not participate in the physical activities of the practice/game, expecting, instead, that the players field batted balls, etcetera. Zimmerman's use of a pitching screen therefore does not show foreseeability of harm to a player.

The Amended Complaint's suggestion that the danger was foreseeable because the School District's handbook prohibits male participation on girls' teams because "the physical size, speed and power of male athletes would create a hazard to the health and safety of female participants," *see* Am. Compl. ¶ 40, is also unpersuasive. Among the girls' teams enumerated in the handbook are cross-country, golf, and bowling. *See id.* Regardless of the size of the male and female participants, the Court can conceive of no possible scenario in which a male bowler could create a physical hazard to the safety and health of a female bowler. Furthermore, this section of the handbook relates to male athletes participating on girls' sports teams, not to a male coach assisting a girls' team in practice.

Finally, the allegations in the Amended Complaint regarding "the trend in recent years [] for many softball pitchers and even infielders to wear face protective masks when in the field," *see* Am. Compl. ¶ 45, does not show that the harm caused by coach Zimmerman during softball practice was "foreseeable and fairly direct." If this allegation were sufficient then every injury on the softball field would likely be foreseeable. Lesher's argument in her brief that as an experienced coach, Zimmerman did not need to personally witness an injury to appreciate the danger of his conduct similarly goes too far[2] and ignores the circumstances under which Zimmerman acted: as a coach batting a ball during softball practice for the High School's Varsity Softball Team. The Due Process Clause "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). *See also Spady*, 800 F.3d at 641 (explaining, "courts that have found colorable constitutional violations in school-athletic settings did so where state actors engaged in patently egregious and intentional misconduct").

---

[2] *See* Resp. 14-16 (asserting that "one does not need to have witnessed someone jump off a cliff in order to understand the dangers of doing so").

Consequently, the Amended Complaint fails to sufficiently plead foreseeability, which is the first required element of a state-created danger claim.

In the absence of a foreseeable risk, the Amended Complaint necessarily fails to plead deliberate indifference, which is the second required element of a state-created danger claim. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 910 (3d Cir. 1997) (holding that because "the notion of deliberate indifference contemplates a danger that must at least be foreseeable," if the plaintiff has not shown a foreseeable risk, a defendant cannot be said, as a matter of law, to have ignored a foreseeable risk or danger). Moreover, even if the harm was foreseeable, the Amended Complaint fails to sufficiently allege that Zimmerman was deliberately indifferent.

In determining that the original Complaint failed to sufficiently plead deliberate indifference, the Court explained:

> . . . the "mere possibility that an injury may result from an activity does not mean that there is a 'substantial risk' of that injury occurring." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 257 (3d Cir. 2010). "Life is fraught with risk of serious harm and the sports world is no exception." *Id.* at 258 (concluding that the record was "devoid of evidence from which a reasonable jury could conclude that serious injury is a common or likely occurrence in tackle football games"). *See also Lones v. Detroit, T. & I. R. Co.*, 398 F.2d 914, 925 (6th Cir. 1968) (stating that "[i]f a child is able to play baseball capably, he must know that there is danger of being hit with ball or bat"). Considering the typical risks associated with playing softball, this Court rejects Lesher's contention that Zimmerman's conduct, while unfortunately causing her serious injury, was so inherently dangerous to demonstrate deliberate indifference. *See Spady*, 800 F.3d at 641 (3d Cir. 2015) (holding that even intentional physical contact in the school-athletic setting "will rarely make out a constitutional violation"). . . . Lesher does not allege that Zimmerman previously injured a student while batting at softball practice, nor does she allege any prior incidents with similar circumstances that show Zimmerman "consciously disregarded a substantial risk of serious harm" to Lesher. *See Dorley*, 129 F. Supp. 3d at 235-36 (concluding that it "cannot be plausibly said that the coaches were otherwise on notice that this specific drill, at this football camp, was so inherently dangerous that they were deliberately indifferent to a risk of serious harm, previous injury or not").

Opn. 14-15. The allegations in the Amended Complaint do not alter this determination. Specifically, although the Amended Complaint alleges that Zimmerman had previously displayed aggressive and misogynistic behavior, and appeared angry on the day of practice,[3] there are no allegations that this influenced his decision to hit a pitch from Lesher at full-swing during practice and to not provide her with a pitching screen, nor does the Amended Complaint allege that Zimmerman intended to cause harm. The fact that the School District's handbook prohibits males from participating in girls' sports is also insufficient to show that Zimmerman, a male softball coach, consciously disregarded a substantial risk of serious harm during softball practice with his female athletes. Once again, there are no allegations that Zimmerman previously injured a student while batting at softball practice or that Zimmerman or any other coach was ever injured at practice because they were not using a pitching screen. Contrary to Lesher's suggestion, Zimmerman's conduct is not comparable to "pointing a gun at a defenseless person and pulling the trigger without undertaking any safety check whatsoever." *See* Resp. 16-17 (citing *Kedra v. Schroeter*, 876 F.3d 424, 444 (3d Cir. 2017)). A high school senior who chooses to play softball is aware of the danger of being struck with a ball, and there is nothing about a coach's decision to swing away at a pitch during practice that shocks the conscience. *See Spady*, 800 F.3d at 641; *Betts*, 621 F.3d at 257-58. Lesher's injury is unfortunate, but it does not rise to the level of a constitutional violation. Thus, Zimmerman is dismissed with prejudice pursuant to the qualified immunity doctrine.

---

[3] *See* Am. Compl. ¶ 37 ("On the date of the Sunday practice, Coach Zimmerman appeared to be upset and angry about the previous missed practice and the need to have a make-up practice on Sunday.").

### B. The Amended Complaint fails to allege sufficient facts to support a *Monell* claim against the School District.

Because there has not been a violation of Lesher's constitutional rights, the School District must be dismissed as a matter of law. *See Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (holding that "in order for municipal liability to exist, there must still be a violation of the plaintiff's constitutional rights"). Moreover, assuming *arguendo* that Lesher's constitutional rights were violated, the School District may only be liable if it caused the constitutional violation. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)).

The Opinion dated May 15, 2018, thoroughly explained why Lesher's allegations against the School District failed to state a claim, and that discussion is incorporated herein. *See* Opn. 16-21. The Amended Complaint, while rewording some of the allegations, essentially added only two new allegations pertaining to the School District:

> 105. Despite recognizing the foreseeability of serious injury as evidenced by their purchase of a pitching screen and mouth guards, Defendant School District failed to make sure that Defendant Zimmerman distributed the mouth guards and used the available pitching screen during practice.
> . . .
> 107. Defendant School District failed to adequately discipline Defendant Zimmerman as to this incident, by simply suspending Defendant Zimmerman from coaching for one week (which included only one game) after the subject incident occurred, and thereafter permitting him to complete the season as coach, after which he resigned.

Am. Compl. ¶¶ 105, 107. As to Paragraph 105, although it is new to the Amended Complaint, the allegations therein were contained in other allegations in the original Complaint. The Court specifically addressed these allegations in its previous Opinion. *See* Opn. 20 n.15 ("To the extent that the need for mouth guards or pitching screens may have been obvious, the School District provided such equipment. Compl. ¶ 81. But, the need for training on the use of such

equipment was not obvious and none of the prior incidents informed the School District that there was a need for such training."). As to Paragraph 107, Lesher complains about the adequacy of the School District's *response* to the incident at issue. But, she does not allege that there was any constitutional violation after the injury at softball practice. Accordingly, the Amended Complaint does not contain any new allegations that would alter the Court's previous analysis. The School District is therefore dismissed with prejudice.

## V.      CONCLUSION

When Lesher was a high-school senior, she was injured by a softball batted by her coach during practice. Her injury is regrettable, but being struck by a ball is a typical risk associated with participation in such a sport. The fact that her injury was caused by a state actor is not enough to make out constitutional violation. The Amended Complaint is therefore dismissed with prejudice.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge